IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01224-REB-KLM

AMY V. WHITE,

    Plaintiff,

v.

TYLER SANTOMASO,

    Defendant.
_____

**ORDER STRIKING DESIGNATION OF NONPARTY AT FAULT**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Strike Notice of Non-Party at Fault Pursuant to C.R.S. § 13-21-111.5(4)** [Docket No. 11; Filed September 7, 2010] (the "Motion"). Defendant was given an extension of time to file a Response and did so on October 15, 2010 [Docket No. 17]. Plaintiff filed a Reply on October 20, 2010 [Docket No. 18]. As such, the matter is fully briefed and ripe for review.

The relevant facts are as follows. Plaintiff was injured in an automobile accident when a vehicle being driven by nonparty Gregory P. Nessler collided with Plaintiff's vehicle. *Motion* [#11] at 2. Defendant was a passenger in Mr. Nessler's vehicle. *Id.* Prior to filing this lawsuit against Defendant, Plaintiff reached a settlement with Mr. Nessler. *See id.* at 4. Plaintiff subsequently filed this action, in which she brings a single conspiracy claim against Defendant. *Complaint* [#1] at 2-4. Pursuant to Colorado's *pro rata* liability statute, Defendant designated Mr. Nessler as a nonparty at fault [Docket No. 6]. *See* Colo. Rev. Stat. § 13-21-111.5(1). However, Plaintiff contends that where liability is premised on a

conspiracy theory, a defendant is not entitled to any reduction in liability due to his nonparty co-conspirator's alleged fault. *Motion* [#11] at 4. Consequently, Plaintiff argues that because her lawsuit is premised on an alleged conspiracy that existed between Defendant and Mr. Nessler, Defendant will be apportioned the same degree of fault as Mr. Nessler and is not entitled to any liability reduction. *Motion* [#11] at 3-4. Accordingly, Plaintiff contends that Defendant's designation should be stricken. *Id.* at 4.

By contrast, Defendant argues that nothing in Colo. Rev. Stat. § 13-21-111.5 explicitly prohibits a defendant in a conspiracy case from designating nonparties at fault. *Response* [#17] at 5. Notably, neither party cites a Colorado case regarding whether the designation should be stricken, nor can the Court locate any on this point. Defendant also contends, without any legal support, that without designation of a co-conspirator, the jury cannot consider whether a conspiracy actually existed. *Id.*

As a preliminary matter, the Court rejects Defendant's untenable argument that a conspiracy cannot be proven without the co-conspirator's designation as a nonparty. This unsupported contention is against the clear weight of authority, as courts have recognized that under Colorado's *pro rata* liability statute, a defendant may be held jointly liable for a conspiracy despite the fact that his co-conspirators have not been joined as parties or designated as nonparties. *See, e.g.*, *Watters v. Pelican Int'l, Inc.*, 706 F. Supp. 1452, 1457-58 (D. Colo. 1989) (recognizing that a finding of joint liability is not incumbent upon designation or joinder); *Freyer v. Albin*, 5 P.3d 329, 331-32 (Colo. Ct. App. 1999) (noting that jury could consider whether defendant acted in concert with nonparty who settled with plaintiff); *Pierce v. Wiglesworth*, 903 P.2d 656, 658 (Colo. Ct. App. 1994), *cert. denied* (Colo. 1995) (holding that conspiracy claim can be adjudicated against defendant even

2

where co-conspirators are nonparties); *Schneider v. Midtown Motor Co.*, 854 P.2d 1322, 1327 (Colo. Ct. App. 1992) (noting that question of whether defendant conspired with nonparty agents must be presented to the jury).

As presently pled, Plaintiff seeks to impose liability against Defendant based only upon his alleged involvement in a conspiracy. *Motion* [#11] at 1, 3; *Complaint* [#1] at 2-3. As such, it is apparent that Plaintiff has decided to forego a claim against Defendant involving any alleged negligence independent of the alleged conspiracy.[1] Accordingly, if Plaintiff's conspiracy claim is unsuccessful, she has no other avenue of recovery against Defendant. *See generally Freyer*, 5 P.3d at 331-32 (upholding defense verdict in conspiracy case when jury considered, but did not find, that defendant conspired with nonparty). Given the fact that Defendant's liability will not be based on his independent negligence, I agree with Plaintiff that, under the plain meaning of the statute, Defendant is not entitled to an apportionment of fault between himself and Mr. Kessler. *See, e.g.*, *Toothman v. Freeborn & Peters*, 80 P.3d 804, 815 (Colo. Ct. App. 2002), *cert. denied* (Colo. 2003) (noting that where liability is "premised on a theory of concerted activity," there is no apportionment of liability); 7 Colo. Prac., *Personal Injury Torts & Ins* § 16.9 & n.2 (2010) (recognizing that "where conspiracy exception in . . . § 13-21-111.5(4) is implicated, jury will *not* consider degree or percentage of fault of *any* settling parties, as liability is joint and several" (emphasis added)). Stated another way, because Defendant and any other alleged conspirator (who is joined as a party or not) will be apportioned the same

---

[1] Plaintiff concedes that if the liability did not relate to a conspiracy or if another person was at fault besides an alleged co-conspirator, Defendant could designate a nonparty at fault. *See Reply* [#18] at 2.

percentage of fault if Plaintiff's conspiracy claim is successful, the designation of Mr. Kessler as an alleged co-conspirator lacks any purpose under the statute. *See Pierce*, 903 P.2d at 658 (noting that section 13-21-111.5(4) is an exception to *pro rata* liability and when it is applies, it "authorizes the imposition of liability upon a defendant for the fault of *all* other joint tortfeasors, regardless of whether they have settled with the plaintiff"). Because Mr. Kessler's joint liability as an alleged co-conspirator can and will be adjudicated regardless of whether he is designated as a non-party, such a designation is meaningless.

Unavailability of the *pro rata* liability statute in these circumstances is not prejudicial to Defendant. For example, pursuant to the clear language of the statute, if Defendant's alleged participation in a conspiracy is determined to have caused Plaintiff's injuries, Defendant may nevertheless seek contribution from non-designated, nonparty co-conspirators. Colo. Rev. Stat. § 13-21-111.5(4); *see also Pierce*, 903 P.2d at 658 (noting that because an injury caused by a conspiracy is "truly 'indivisible[,]' [i]t is difficult for a jury to assess the fault of each tortfeasor . . . . Therefore, any one of them should be held liable for the entire judgment" and may seek contribution from the others) (citations omitted)). Designation is simply not a prerequisite to contribution under these circumstances. *See Watters*, 706 F. Supp. at 1456-58. Finally, although reduction of liability due to a co-conspirator's conduct is not available, Defendant's liability may be limited to only that amount in excess of the amount Plaintiff received in settlement from Mr. Kessler. *See Toothman*, 80 P.3d at 815 ("[B]ecause plaintiff[] alleged that [defendant] and the settling [party] acted in concert with each other, if plaintiff[] prevail[s] on the merits, the [defendant] would be jointly liable for the [portion] of the award not covered by the settlement proceeds.").

Therefore, under these circumstances, I find that Defendant has no right to (or need for) reduction in liability due to Mr. Kessler's alleged conduct. Although not explicitly required by the *pro rata* liability statute, I conclude that striking the designation gives proper effect to the joint liability exception stated in section 13-21-111.5(4). Further, I note that eliminating the designation avoids any confusion or later argument by Defendant to the trial judge that he is entitled to a liability reduction based on Mr. Kessler's alleged conduct. Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED** and Defendant's designation of Gregory P. Kessler as a nonparty at fault [Docket No. 6] is **STRICKEN**.

Dated: October 22, 2010

BY THE COURT:

 s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix

5