IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-01224-REB-KLM

AMY V. WHITE,

     Plaintiff,

v.

TYLER SANTOMASO,

     Defendant,

v.

GREGORY P. NESSLER,

     Third-Party Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Plaintiff's **Motion to Amend Complaint for Damages and Jury Demand to Add Claim for Punitive Damages** [Docket No. 23; Filed December 30, 2010] (the "Motion").  On January 28, 2011, Defendant filed a Response [Docket No. 35] in opposition to the Motion.  Pursuant to the Court's Minute Order [Docket No. 22] of October 25, 2010, the deadline for seeking leave to amend pleadings expired on December 31, 2010.  Plaintiff filed the Motion before the expiration of the deadline. Accordingly, the Motion is timely.

**I.  Summary of the Case**

     This case arises from an automobile accident that occurred on May 31, 2008 in

Larimer County, Colorado. *Complaint* [Docket No. 1] at 2. On the morning of May 31, Third-Party Defendant Nessler ("Nessler") was driving a truck in the southbound lane of U.S. Route 287. *Id.* Defendant was seated in the front passenger seat of the truck. *Id.* At around 10:00 a.m., Nessler allegedly "fell asleep, veered into oncoming traffic and collided with a car driven by Plaintiff." *Response* [#35] at 1; *see Complaint* [#1] at 2. Plaintiff alleges that "immediately prior to" the accident, Nessler and Defendant "shared and unlawfully consumed marijuana and other illegal narcotic and/or intoxicating substances." *Complaint* [#1] at 2.

## II. Analysis

Plaintiff seeks to amend her Complaint [#1] to add a claim for exemplary damages pursuant to Colo. Rev. Stat. § 13-21-102. Plaintiff asserts that granting leave to amend is appropriate because (1) she has "established prima facie evidence that there is a reasonable likelihood that the issue of punitive damages will ultimately be submitted to the jury," *Motion* [#23] at 8, and (2) Defendant "will not be prejudiced by permitting Plaintiff to amend her Complaint to add a claim for punitive damages," as the "parties have not concluded formal discovery" and "trial is not set until the week of August 1, 2011," *id.* at 9.

In response, Defendant contends that the factual evidence does not support a claim for punitive damages against him. Specifically, Defendant argues that "there is no evidence" that he knew that Third-Party Defendant Nessler "consumed" drugs or that Nessler "consumed" drugs in his presence. *Response* [#35] at 8.

The Court has discretion to grant a party leave to amend its pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). "In the absence of any apparent or declared

-2-

reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)).  To determine whether Plaintiff's proposed amendment is futile, the Court is guided by Colo. Rev. Stat. § 13-21-102.  *See Am. Econ. Ins. Co. v. William Schoolcraft*, No. 05-cv-01890-BNB, 2007 WL 160951, at *1-2 (D. Colo. Jan. 17, 2007) (unreported decision) (discussing whether Federal Rule of Civil Procedure 15 or section 13-21-102 governs request to amend complaint to add claim for exemplary damages in diversity action, noting lack of definitive opinion on issue in Tenth Circuit, and deciding to apply state statute); *Witt v. Condominiums at the Boulders Ass'n*, No. 04-cv-02000-MSK-OES, 2006 WL 348086, at *7 (D. Colo. Feb. 13, 2006) (unreported decision) (the court must give effect to the Colorado statute when evaluating whether an exemplary damages claim is properly brought in a diversity action); *see also State Farm Mut. Auto Ins. Co. v. Fisher*, No. 08-cv-01687-REB-MEH, 2009 WL 1011194, at *4-5 (D. Colo. Apr. 15, 2009) (unreported decision) (applying Colorado exemplary damages statute to determine whether amendment was appropriate, and considering evidence in light of the Fed. R. Civ. P. 15 obligation to freely grant leave to amend); *E&S Liquors, Inc. v. U.S. Fidelity & Guar. Co.*, No. 08-cv-01694-WYD-KLM, 2009 WL 837656, at *2-3 (D. Colo. Mar. 26, 2009) (unreported decision) (proceeding likewise).

Under Colorado law, an award of exemplary damages is permissible when "the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct."  Colo. Rev. Stat. § 13-21-102(1)(a).  "Willful and wanton conduct" is conduct

"purposefully committed which the actor must have realized was dangerous, done heedlessly and recklessly, without regard to consequences or to the rights and safety of others, particularly the plaintiff." *Id.* § 13-21-102(1)(b). "Where the defendant is conscious of his conduct and the existing conditions and knew or should have known that injury would result, the statutory requirements" are met. *Coors v. Sec. Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005) (citations omitted); *see also U.S. Fire Ins. Co. v. Sonitrol Mgmt. Corp.*, 192 P.3d 543, 549 (Colo. App. 2008) (describing willful and wanton conduct as conduct that "'exhibits an intent consciously to disregard the safety of others [and] extends beyond mere unreasonableness'" (quoting *Forman v. Brown*, 944 P.2d 559, 564 (Colo. App. 1996))); *Miller v. Solaglass Cal., Inc.*, 870 P.2d 559, 568 (Colo. 1993) (Wilful and wanton conduct is conduct that "creates a substantial risk of harm to another and is purposefully performed with an awareness of the risk in disregard of the consequences.").

"A claim for exemplary damages . . . may be allowed by amendment to the pleadings only after the exchange of initial disclosures . . . and the plaintiff establishes *prima facie* proof of a triable issue." Colo. Rev. Stat. § 13-21-102(1.5)(a). In order to establish *prima facie* proof of a triable issue, a plaintiff must articulate "'[a] reasonable likelihood that the issue [of whether a defendant's conduct was willful and wanton] will ultimately be submitted to the jury for resolution.'" *Arapahoe County Water & Wastewater Pub. Improvement Dist. v. HRD Eng'g, Inc.*, No. 08-cv-01788-WYD-KMT, 2009 WL 3158160, at *6 (D. Colo. Sept. 25, 2009) (unreported decision) (quoting *Leidholt v. Dist. Court*, 619 P.2d 768, 771 (Colo. 1980)). To establish *prima facie* proof of a triable issue, the plaintiff is not required to show that the evidence is sufficient to survive a defendant's motion for summary judgment on the issue of exemplary damages. *E&S Liquors, Inc.*, 2009 WL 837656, at *2 (differentiating the

standard for granting leave to amend from evaluation of whether evidence is sufficient to defeat summary judgment).  When determining whether a pleading amendment should be permitted, the Court views the evidence in the light most favorable to the plaintiff.  *Am. Econ. Ins. Co.*, 2007 WL 160951, at *3; *E&S Liquors, Inc.*, 2009 WL 837656, at *2; *see also Leidholt*, 619 P.2d at 769 (noting that the Court "should grant the plaintiff some leeway in establishing his *prima facie* case").

In this case, Plaintiff asserts that Defendant engaged in wilful and wanton conduct by "agreeing and conspiring to consume, and actually consuming, marijuana with [Nessler] on the morning of the collision, with the knowledge that either he or [Nessler] would be required to drive while under the influence of the intoxicating, inebriating, and/or impairing substance." *Motion* [#23] at 8.  Plaintiff argues as follows: "[Defendant] knew – [as] evidenced by his admission that the accident 'could have been avoided' – that there was substantial risk of harm to another on the road by smoking or consuming marijuana and other drugs and then driving while under the influence of those drugs; yet [Defendant], with awareness of the risk and disregard for the consequences of his actions, made the decision to [engage] in the harmful and hazardous conduct." *Id.*

To support her argument, Plaintiff primarily relies on two pieces of evidence.  First, Plaintiff  relies on a police report [Docket No. 23-3] in which an officer wrote the following: "Defendant said that both he and [Nessler] had smoked marijuana the morning of the crash when they were up the Poudre Canyon." *Police Report* [#23-3] at 2.  Plaintiff also relies on a second police report [Docket No. 23-5] in which an officer wrote that Defendant stated that Nessler had smoked "two bowls" at "6 or 7 o'clock" on the morning of the accident. *Police Report* [#23-5] at 1.  Plaintiff contends that the police reports establish a *prima facie*

case that Defendant's conduct was wilful and wanton sufficient to justify allowing her to amend her Complaint to assert a claim for exemplary damages.

The Court agrees.  Plaintiff has shown that evidence exists that Defendant was "conscious of his conduct and the existing conditions and knew or should have known that injury would result." *Coors*, 112 P.3d at 66.  In light of the police reports mentioned above, Defendant's statement that "[t]here is no evidence that [he] was aware that [Nessler] consumed any drugs or alcohol on the day of the accident" is clearly incorrect.  *Response* [#35] at 7.  The Court finds that Plaintiff has shown a "[a] reasonable likelihood that the issue [of whether Defendant's conduct was willful and wanton] will ultimately be submitted to the jury for resolution." *Leidholt*, 619 P.2d at 771.

The Court does not delve into the merits of Plaintiff's proposed amendment at this stage of the proceedings.  *See Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").  The Court's sole function now is to determine whether Plaintiff has provided a plausible basis for exemplary damages liability if her version of the facts and potential evidence are assumed to be true.  *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).  After reviewing the tendered Amended Complaint [Docket No. 24], the Court finds that Plaintiff has provided the necessary plausible basis.

Finally, the Court notes that prejudice to Defendant is the most important factor in considering whether Plaintiff should be permitted to amend her Complaint.  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).  "Courts typically find prejudice only when the [proposed] amendment unfairly affects the defendants in terms of preparing their

defense to [claims asserted in the] amendment." *Id.* (quotation omitted).  In this case, the Court finds that Defendant has not shown that allowing Plaintiff to file her Amended Complaint will unfairly impact his ability to defend against the new exemplary damages claim.

For the foregoing reasons, and considering that leave to amend should be freely given,

IT IS HEREBY **ORDERED** that the Motion [#23] is **GRANTED**.  The Clerk of the Court shall accept Plaintiff's Amended Complaint [#24] for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that Defendant shall answer or otherwise respond to Plaintiff's Amended Complaint [#24] on or before **March 1, 2011**.

DATED: February 7, 2011 at Denver, Colorado.

BY THE COURT:

 s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge