## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01224-WJM-KLM

AMY V. WHITE,
        Plaintiff,

v.

TYLER SANTOMASO,
        Defendant / Third-Party Plaintiff,

v.

GREGORY P. NESSLER,
        Third-Party Defendant.

---

## JOINT PROTECTIVE ORDER

---

        To assure that the confidentiality of the protected information sought to be discovered in this action is not inadvertently compromised, Plaintiff Amy V. White, Defendant and Third-Party Plaintiff Tyler Santomaso and Third-Party Defendant Gregory P. Nessler (the "Parties"), through their undersigned counsel, jointly request that this Protective Order be entered in the above-captioned matter.

        IT IS HEREBY ORDERED as follows:

I.      **Type of Information.**

        In this action, the Parties have sought, anticipate seeking, anticipate receiving and/or anticipate disclosing, providing, or producing (collectively "Disclosing") documents, testimony, materials and other information regarding a confidential settlement agreement entered into by Plaintiff Amy White and Third-Party Defendant

{00974198 / 1}

Gregory Nessler (the "Settlement Agreement"), which, if disclosed, would cause irreparable harm to the disclosing party.  Information that the Parties: (a) produce in discovery in this matter; and (b) want protected as confidential within the terms of this Protective Order shall be labeled as "CONFIDENTIAL" (the "Confidential Information"). Confidential Information includes, without limitation, documents, electronic files, deposition or other testimony, responses to requests for production of documents and things; any extract, abstract, chart, summary, recording, transcription, note or copy derived therefrom; and other writings and information that the Party has a good faith belief should be protected because they contain information regarding the Settlement Agreement.  This Protective Order shall govern the disclosure, maintenance, and use of all Confidential Information.

## II.     Restrictions.

Confidential Information shall not be used or disclosed in any manner that is contrary to the terms of this Protective Order.  All Confidential Information shall be disclosed only to the persons authorized by this paragraph ("Qualified Persons"), as necessary for the pursuit of a claim or defense in this lawsuit:

> (a)     The Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;
>
> (b)     Counsel to the Parties and persons regularly employed in the office of such counsel, to include hired law clerks and vendors or copying services;

(c)  Deposition witnesses or any witness at trial not within any of the above categories only as permitted by Section 3 below;

(d)  Insurance adjusters for the defendant/defendants involved in this litigation; and

(e)  Experts, consultants and investigators and their staff who are retained by a party for purposes relating to this litigation and who have executed a written agreement to be bound by the terms of this Protective Order, in the form of the acknowledgement attached hereto as Exhibit A.

## III.  Disclosure to Third Parties.

Before Disclosing Confidential Information to any third-party Qualified Person under Section 2 above (i.e., a Qualified Person other than a party or party's counsel and their employees), disclosing counsel shall inform such third party of this Protective Order and obtain the person's written agreement to be bound by the terms of this Protective Order. This requirement will be satisfied by obtaining the Qualified Person's signature on a copy of the acknowledgement attached hereto as **Exhibit A**. These executed acknowledgements shall be maintained by counsel of record responsible for the disclosure and shall be available for inspection upon order of the Court.  A party or the party's attorney may disclose Confidential Information at a deposition to deposition witnesses who do not come within any of the descriptions set forth in paragraphs 2(a)-(e) only if the party or attorney complies with this Section 3.

## IV.    Review Procedure.

No party shall designate an item as Confidential Information without a good faith basis for doing so.  At any time after the production of any materials designated as Confidential Information by one party, any other party to this Protective Order may serve a notice of objection to such designation stating the reasons for such objection. The Parties shall make a good faith effort to confer and to resolve any disagreement over any objection to a "CONFIDENTIAL" designation of information.  Should the Parties be unable to resolve the issue raised by the objection within seven (7) business days, the Parties agree to jointly contact the Court to discuss the objection per the Court's discovery dispute process.

## V.    Filing Confidential Information With the Court.

In the event it is necessary for the Parties to file Confidential Information, or to offer testimony regarding Confidential Information, with the Court in connection with any pretrial proceeding or motion or as evidence at trial, the information shall ~~filed~~ be filed under seal. pursuant to  D.C.Colo. LCivR 7.2 .    KLM

## VI.    Confidential Information at Trial or Hearing.

Subject to the Federal Rules of Evidence, Confidential Information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five (5) days' advance notice to counsel for any party or other person that designated the information as Confidential.  Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent

unnecessary disclosure.  The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such information at the trial.

**VII.     Preservation of Rights.**

This Protective Order is designed to facilitate the voluntary disclosure of information. Nothing herein shall be construed as an admission by any party.  Each party will retain the right to object to a discovery request based on trade secret, confidential information, or other privacy or confidentiality-based concerns and to have that objection heard on its merits independent from this Protective Order should that party so choose.  This Protective Order will not affect any party's right to apply to the Court for a Protective Order imposing greater or lesser restrictions on specified documents or information.  Nothing contained in this Protective Order shall prohibit any party from using its own Confidential Information in any manner that that party sees fit, or from revealing such Confidential Information to whomever that party pleases, without prior consent from any other party or the Court.

**VIII.    Return of Confidential Information.**

Within sixty (60) days of the termination of this litigation, which includes the exhaustion of all appeals, counsel for any party that received Confidential Information from an opposing party shall be required immediately to return to counsel for the disclosing party all Confidential Information disclosed subject to this Protective Order, and all extracts, abstracts, charts, summaries, recordings, transcriptions, notes, or

copies made therefrom, or, at the option of the producer, certify that such information

has been destroyed.  Notwithstanding this provision, outside counsel of record are

entitled to retain an archival copy of all pleadings, motions, trial, deposition and hearing

transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

reports, attorney work product, and consultant and expert work product, even if such

materials contain Confidential Information.  Any such archival copies that contain or

constitute Confidential Information remain subject to this Protective Order and its

protections.

**IX.    No Waiver.**

Review of the Confidential Information by counsel, experts, or consultants for the

litigants in the litigation shall not waive the confidentiality and protection of the

documents or objections to production.  The inadvertent, unintentional, or *in camera*

disclosure of Confidential Information shall not, under any circumstances, be deemed a

waiver, in whole or in part, of any party's claims of confidentiality and protection.

SIGNED this _1m_ day of _October_ 2011.

MAGISTRATE JUDGE ~~Kristin M. Mix~~

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**
**BY PROTECTIVE ORDER**

I, _____, state:

1.     I reside at _____;

2.     My present employer is _____;

3.     My present occupation or job description is _____;

4.     I agree to keep confidential all information provided to me in the matter of *Amy V. White v. Tyler Santomaso v. Gregory P. Nessler*, Case No. 10-cv-01224-WJM-KLM in the United States District Court for the District of Colorado, and to be subject to the authority of that Court in the event of any violation or dispute related to this agreement.

5.     I agree to use any Confidential Information provided to me in this matter for the purposes of this litigation only, and will not use such information in any other way.

6.     I have been informed of and have reviewed the Protective Order entered in this case, and I will not divulge any information, documents or things that are subject to the Protective Order except in accordance with the provisions of the Order;

7.     I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

[Signature Page Follows]

{00974198 / 1}

Executed on _____

_____
[Printed name]

_____
[Signature]