**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-01224-WJM-KLM

AMY V. WHITE,

    Plaintiff,

v.

TYLER SANTOMASO,

    Defendant/Third-Party Plaintiff,

v.

GREGORY P. NESSLER,

    Third-Party Defendant.

## ORDER DENYING THIRD-PARTY DEFENDANT'S MOTION TO DISMISS

In this personal injury case, Plaintiff Amy V. White ("White") brings a claim of civil conspiracy under Colorado law against Defendant Tyler Santomaso ("Santomaso") for injuries sustained from an alleged two-car accident which occurred on May 31, 2008, on Colorado Highway 287, just north of Fort Collins, Colorado.  (ECF No. 24.)  Santomaso has now filed a Third-Party Complaint (ECF No. 25) against Third-Party Defendant Gregory P. Nessler ("Nessler"), the alleged co-conspirator, seeking contribution under Colorado Revised Statutes §§ 13-50.5-102 (1) and 13-21-111.5 (4).

Before the Court is Nessler's Motion to Dismiss ("Motion") (ECF No. 53) Santomaso's Third-Party Complaint.  Nessler also seeks the recovery of attorneys' fees pursuant to Colorado Revised Statute § 13-17-101.  (*Id.*)

For the reasons set forth below, the Motion is denied.

## I.  LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

The concept of "plausibility" at the dismissal stage refers not to whether the allegations are likely to be true; the court must assume them to be true. *See Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1192-93 (10th Cir. 2009). The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

## II.  FACTUAL BACKGROUND

The following are facts pled in the Third-Party Complaint, which the Court accepts as true for purposes of the Motion:

On or about May 31, 2008, White was driving a 2002 Toyota Camry northbound on US Highway 287 ("287") in the County of Larimer, State of Colorado, while Nessler was driving a 2007 Chevrolet Avalanche on 287 in the opposite direction.  (Third-Party Compl. ¶¶ 4-5.)  Santomaso was a passenger situated in the front seat of Nessler's vehicle.  (*Id*. ¶ 5.)

At or about 10:10 a.m., Nessler fell asleep while driving at or near mile marker 351 while on 287.  (*Id*. ¶ 6.)  As a result, Nessler's vehicle drifted into the northbound lane of traffic on 287, and struck White's vehicle head-on in the northbound lane (the "Incident").  (*Id*.)

On May 26, 2010, White initiated this action against Santomaso only, and on December 20, 2010, filed an Amended Complaint (the "White Complaint") (ECF No. 24) based on an alleged civil conspiracy between Santomaso and Nessler.  Specifically, White alleges that immediately prior to the Incident, Nessler and Santomaso shared and unlawfully consumed marijuana and other illegal narcotic and/or intoxicating substances which resulted in Nessler operating his vehicle under the influence of marijuana and/or other illegal intoxicating and impairing substances at the time of the Incident.  (*Id*.)  Nessler, however, was not named as a party defendant by White.  (*Id*. ¶ 8.)[1]

On December 30, 2010, Santomaso filed a Third-Party Complaint against Nessler, alleging a claim for contribution pursuant to Colo. Rev. Stat. §§ 13-50.5-102

---

[1] Previously, White filed a personal injury lawsuit against Nessler in Larimer County, Colorado District Court.  Santomaso was not named as a party defendant in that action.

and 13-21-111.5. (*Id*. ¶¶ 12-15.) The Third-Party Complaint alleges that Santomaso is entitled to contribution from Nessler in an amount equal to Nessler's *pro rata* share of liability for the injuries and/or damages, if any, sustained by White as alleged in the White Complaint or as proven at trial. (*Id*. ¶¶ 15-17.)

### III. ANALYSIS

Nessler moves to dismiss Santomaso's Third-Party Complaint, arguing that Santomaso and White executed General Release and Settlement Agreements (collectively the "Release Agreements") that released Nessler from all liability arising out of the Incident. (Motion ¶¶ 3-5.) Nessler attaches the Release Agreements to his Motion, and urges the Court to take judicial notice of these agreements without converting the Motion to Dismiss into a Motion for Summary Judgment. (*Id*. ¶ 7) (citing *Zimomra v. Alamo Rent-A-Car, Inc.*, 111 F.3d 1495, 1503-04 (10th Cir. 1997)). Nessler also seeks the recovery of attorneys' fees pursuant to Colo. Rev. Stat. § 13-17-101.

**A.     The Release Agreements**

Nessler attaches the two Release Agreements to his Motion and, without substantive argument, explains in one sentence that the Court may take judicial notice of these Agreements. The Court declines to do so.

Federal Rule of Evidence 201 allows a court to, at any stage of the proceeding, take notice of "adjudicative" facts that fall into one of two categories: (i) facts that are "generally known within the territorial jurisdiction of the trial court;" or (ii) facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a), (b). "Adjudicative facts are

simply the facts of the particular case." *United States v. Wolny*, 133 F.3d 758, 764 (10th Cir. 1998) (internal quotation omitted).

Judicial notice may be taken during any stage of the judicial proceeding, including the motion to dismiss stage. *See* 21B Fed. Prac. & Proc. Evid. § 5110, at 294 & n.17 (2d ed. 2005). And, while ordinarily, a motion to dismiss must be converted to a motion for summary judgment when the court considers matters outside the complaint, *see* Fed. R. Civ. P. 12(d), matters that are judicially noticeable do not have that effect, *see Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1279 n.1 (10th Cir. 2004). When considering a motion to dismiss, "the court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

The Court may also consider documents to which the complaint refers, if the documents are central to the plaintiff's claim and the parties do not dispute their authenticity. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941-42 (10th Cir. 2002). If a document is not incorporated by reference or attached to the complaint, but is referred to in the complaint and is central to the plaintiff's claim, the defendant may submit an "indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

Nessler asks the Court to take judicial notice of a Settlement Agreement and Full and Final Release between White and Nessler (the "White Release") (Motion, Exhibit

A.) Nessler asserts that this agreement releases him from all liability arising out of the Incident. (Motion ¶ 3.) The White Release, however, is not a matter of public record.[2] Nor is it referenced in Santomaso's Third-Party Complaint.[3] Accordingly, the Court will not take judicial notice of, or consider, the White Release in deciding the Motion to Dismiss. *See Jacobsen*, 287 F.3d at 941-42.

Nessler further urges the Court to take judicial notice of a General Release and Settlement Agreement between Santomaso and Nessler (the "Santomaso Release"). (Motion, Exhibit B.) This Release, Nessler argues, also releases him from all liability arising out of the Incident. (Motion ¶ 3.) The Santomaso Release, however, is not a matter of public record, is not certified, and is not referenced in Santomaso's Third-Party Complaint. *See GFF Corp.*, 130 F.3d at 1384. As such, the Court declines to take judicial notice of, or consider, the Santomaso Release as well.[4]

**B.     The Third-Party Complaint**

As the Court has declined to take judicial notice of, or consider, the above-mentioned Release Agreements, the Court will only look to the four corners of the Third-Party Complaint to determine if its allegations are sufficient to state a claim under Colo. Rev. Stat. §§ 13-50.5-102 and 13- 21-111.5. *See Jacobsen*, 287 F.3d at 941.

---

[2]     Pursuant to Court Order, the White Release is under seal from public viewing. (ECF No. 74.)

[3]     Indeed, Santomaso asserts that he did not even become aware of the White Release until *after* he filed the Third-Party Complaint, and that, as of the filing of his Response to Nessler's Motion to Dismiss (ECF No. 70), he had still not seen the Release. (Response ¶¶ 4, 6.)

[4]     Santomaso also attached his Affidavit to his Response. (Resp., Exhibit L.) To the extent that Santamaso wants the Court to consider this document in evaluating the Motion to Dismiss, the Court declines to do so.

Santomaso seeks contribution from Nessler pursuant to Colo. Rev. Stat. §§ 13-50.5-102 and 13-21-111.5, which states that, where two or more persons become jointly or severally liable in tort for the same injury to person, there is a right to contribution among them.

The Third-Party Complaint alleges facts showing that Nessler may be jointly or severally liable in tort for the same injury to Amy White. (Third-Party Compl. ¶¶ 4-17.) Thus, Santomaso has stated a claim for contribution against Nessler. To the extent that Nessler asserts affirmative defenses arguing that the Release Agreements release him from all liability arising out of the Incident (Motion ¶¶ 3-5), these arguments are more appropriate for a motion for summary judgment.

Accordingly, the Court finds that the Third-Party Complaint states a claim against Nessler for contribution pursuant to Colo. Rev. Stat. §§ 13-50.5-102 and 13-21-111.5.

**C.    Attorneys' Fees**

Finally, Nessler states that he is entitled to the recovery of attorneys' fees pursuant to Colo. Rev. Stat. § 13-17-101. (Motion ¶¶ 13-16.) Colo. Rev. Stat. § 13-17-101 provides for the recovery of attorneys' fees when "the bringing or defense of an action, or part thereof (including any claim for exemplary damages), is determined to have been substantially frivolous, substantially groundless, or substantially vexatious." A claim is substantially frivolous "if the proponent can present no rational argument based on the evidence or law in support of that claim or defense." *W. United Realty, Inc. v. Isaacs*, 679 P.2d 1063, 1069 (Colo. 1984). Since the Court has now denied Nessler's Motion to Dismiss the Third-Party Complaint, Santomaso's claims are not frivolous. Therefore, the Court will not award Nessler his attorneys' fees.

## IV.  CONCLUSION

For the reasons set forth above, Third-Party Defendant's Motion to Dismiss (ECF No. 53) is DENIED.

Dated this 2nd day of February, 2012.

BY THE COURT:

_____
William J. Martinez
United States District Judge
