IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 10-cv-01224-WJM-KLM

AMY V. WHITE,

    Plaintiff,

v.

TYLER SANTOMASO,

    Defendant/Third-Party Plaintiff,

v.

GREGORY P. NESSLER,

    Third-Party Defendant.

**ORDER GRANTING DEFENDANT/THIRD-PARTY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THIRD-PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS MOOT**

    In this personal injury case, Plaintiff Amy V. White ("White") brings a claim of civil conspiracy under Colorado law against Defendant Tyler Santomaso ("Santomaso") for injuries sustained from a two-car accident. (ECF No. 24.) Santomaso has, in turn, brought a Third-Party Complaint against Third-Party Defendant Gregory P. Nessler ("Nessler"), the alleged co-conspirator, seeking contribution under Colorado Revised Statutes §§ 13-50.5-102 (1) and 13-21-111.5 (4). (ECF No. 25.) Before the Court are: (1) Defendant/Third-Party Plaintiff Santomaso's Motion for Summary Judgment ("Santomaso's Motion") (ECF No. 91); and (2) Third-Party Defendant Nessler's Motion for Summary Judgment ("Nessler's Motion") (ECF No. 88).

For the reasons set forth below, Santomaso's Motion for Summary Judgment is granted, and Nessler's Motion for Summary Judgment is denied as moot.

## I. BACKGROUND

**A.     Factual Background**

The following facts are taken from the record and are either undisputed or viewed in the light most favorable to the non-moving party:[1]

A motor vehicle traffic accident occurred on May 31, 2008 at approximately 10:10 a.m. on United States Highway 287 ("287"), in the County of Larimer, State of Colorado (referred to as the "Incident"). (Scheduling Order, Stipulated Undisputed Facts (ECF No. 80), ¶ 4a.) Amy White was driving her 2002 Toyota Camry northbound on 287 at the time of the Incident. (*Id.*, ¶ 4b.) Gregory Nessler was driving a 2007 Chevrolet Avalanche, owned by his father, southbound on 287 at the time of the Incident. (*Id.*, ¶ 4d.) Tyler Santomaso was in the front seat passenger of Nessler's vehicle. (*Id.*, ¶ 4e.)

At or about 10:10 a.m. on May 31, 2008, Nessler fell asleep while driving at or near mile marker 351 on 287, crossed the center line, and struck White's vehicle head-on. (Dep. of G. Nessler (ECF No. 103, Exhibit A), 97:9-16.) White sustained bodily injuries and damages. (Scheduling Order, Stipulated Undisputed Facts, ¶ 4g.)

On the morning, or during the day, of Friday May 30, 2008, Nessler consumed Xanax (hereinafter referred to by its generic pharmaceutical name of "Alprazolam"), which he had illegally obtained without a prescription. (Dep. of G. Nessler, 31:22-25,

---

[1] The following undisputed facts only concern Santomaso's Motion for Summary Judgment.

32:1-25, 78:4-5.) On the evening of Friday, May 30, 2008, Santomaso, Nessler, and Connor Crowley ("Crowley"), were together at Crowley's residence. (*Id*., 68:14-24.) While at Crowley's residence, Santomaso, Nessler, and Crowley consumed illegal substances, specifically, cocaine and marijuana. (*Id*., 71:23-25.) Both Santomaso and Nessler went to sleep at approximately 2:00 a.m. on the early morning of May 31, 2008, sleeping for approximately three to four hours, and waking at approximately 5:00 a.m. on the morning of May 31, 2008. (*Id*., 75:9-11, 77:6-11, 97:6-8, 120:19-25, 121:1-9.)

Santomaso and Nessler planned to drive to Poudre Canyon, in Colorado, on May 31, 2008, and agreed to bring marijuana with them with the intention of smoking it at some point during their trip. (*Id*., 90:3-21, 125:11-14, 126:5-8; 2010 Dep. of T. Santomaso (ECF No. 103, Exhibit B), 28:6-16, 40:22-25, 41:1-8, 43:21-25, 44:1-8; 2009 Dep. of T. Santomaso (ECF No. 103, Exhibit C), 14:18-25, 15:1-25, 16:1-20, 79:10-22.) Nessler brought marijuana, Alprazolam, and drug paraphernalia (a pipe) with him on their trip. (Dep. of G. Nessler, 80:8-12, 81:16-19, 82:1-3.)

During the trip, Santomaso and Nessler lit a marijuana cigarette in an attempt to smoke it. (*Id*., 124:5-16; 2010 Dep. of T. Santomaso, 66:8-24.) However, the marijuana cigarette did not stay lit, apparently as a result of the weather and wind, and Santomaso placed it into his pocket. (Dep. of G. Nessler, 88:2-8; 2010 Dep. of T. Santomaso, 67:18-25; 2009 Dep. of T. Santomaso, 22:3-9.) Shortly thereafter, at approximately 10:10 a.m. on May 31, 2008, Nessler fell asleep at the wheel, causing the aforementioned Incident. (Dep. of G. Nessler, 97:9-16.)

Three blood samples were collected from Nessler on May 31, 2008, shortly after the Incident. (Affidavit of Sarah Urfer (ECF No. 103, Exhibit D), ¶ 5.b.) The results for

all three blood samples were presumptive positive for benzodiazepines (Alprazolam), cannabinoids (marijuana), and cocaine metabolite screens. (*Id*., ¶ 5.c.) Nessler was under the influence of marijuana and Alprazolam at levels which would have impaired his ability to properly and safely operate a motor vehicle at the time of the blood draws on May 31, 2008. (*Id*., ¶ 6.)

**B.    Procedural History**

On December 30, 2010, White filed an Amended Complaint (the "White Complaint") against Santomaso alleging one claim of civil conspiracy between Santomaso and Nessler based upon the events preceding the above described Incident. (ECF No. 24.) Nessler was not named as a party defendant by White.[2] (*Id*. ¶ 8.)

On December 30, 2010, Santomaso filed a Third-Party Complaint against Nessler for contribution pursuant to Colo. Rev. Stat. §§ 13-50.5-102 and 13-21-111.5. (ECF No. 25, ¶¶ 12-15.) The Third-Party Complaint alleges that Santomaso is entitled to contribution from Nessler in an amount equal to Nessler's *pro rata* share of liability for the injuries and/or damages, if any, sustained by White as alleged in the White Complaint or as proven at trial. (*Id*., ¶¶ 15-17.)

On February 16, 2012, Santomaso filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 asking the Court to grant summary judgment in his favor on White's civil conspiracy claim. (ECF No. 91.) On March 8, 2012, White filed a Response to Santomaso's Motion (ECF No. 103), and Santomaso

---

[2]    White previously brought a lawsuit against Nessler only, which was settled and dismissed with prejudice. *See White v. Nessler*, 08:cv-1398-RPM-MEH, ECF Nos. 1, 23.

filed his Reply on March 22, 2012 (ECF No. 105).

On February 15, 2012, Nessler filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 asking the Court to grant summary judgment in his favor on Santomaso's contribution claim. (ECF No. 88.) On March 7, 2012, Santomaso filed a Response to Nessler's Motion (ECF No. 102), and Nessler filed his Reply on March 23, 2012 (ECF No. 106).

These Motions are now ripe for resolution.

## II.  LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or, conversely, is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248-49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable juror could return a verdict for either party. *Anderson*, 477 U.S. at 248. The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. Where the non-movant bears the burden of proof at trial, the non-movant must then point to specific evidence establishing a genuine issue of material fact with regard to each challenged element. *See Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002); *In re Ribozyme Pharms., Inc. Sec. Litig.*, 209 F. Supp. 2d 1106, 1111 (D. Colo. 2002).

### III.  ANALYSIS

**A.     Santomaso's Motion for Summary Judgment**

Santomaso has asked the Court to grant summary judgment in his favor on White's civil conspiracy claim. (ECF No. 91.) Santomaso argues that White's claim fails as a matter of law, a matter of public policy, and as a matter of equity. (*Id*.) White refutes these arguments. (ECF No. 103.) The Court first turns to Santomaso's argument that White's claim fails as a matter of law.

A party seeking to establish a civil conspiracy claim under Colorado law must show that there exists: (1) two or more persons; (2) an object to be accomplished; (3) an agreement on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof. *See Jet Courier Service, Inc. v. Mulei*, 771 P.2d 486, 502 (Colo. 1989). The purpose of the conspiracy must either be unlawful, or lawful and accomplished by unlawful means. *Powell Products, Inc. v. Marks*, 948 F. Supp. 1469, 1480 (D. Colo. 1996). "[T]he essence of a civil conspiracy claim is not the conspiracy itself, but the actual damages resulting from the acts done in furtherance of the conspiracy." *Resolution Trust Corp. v. Heiserman*, 898 P.2d 1049,

1055 (Colo. 1995); *accord Farmland Indus. v. Frazier-Parrott Commodities, Inc.*, 871 F.2d 1402, 1409 (8th Cir. 1989) ("[T]he 'doctrine of civil conspiracy extends liability for tort . . . to persons other than the actual wrongdoer . . . but it is the acts causing damage to the plaintiff that give rise to liability for damages, not the conspiracy itself.'") (internal quotation omitted). Thus, "it is [the] wrongful acts, not the mere existence or continuation of a conspiracy, that injure the plaintiff." *Sterenbuch v. Goss*, 266 P.3d 428, 435 (Colo. App. 2011). Further, when considering a civil conspiracy claim,:

> [an individual's] mere presence at the commission of the wrong, or failure to object to it, is not enough to charge one with responsibility. It is []
> essential that each particular defendant who is to be charged with responsibility shall be proceeding tortiously, which is to say with the intent requisite to committing a tort, or with negligence. One who innocently, and carefully, does an act which happens to further the tortious purpose of another is not acting in concert with the other.

*Resolution Trust*, 898 P.2d at 1049, 1057 (quoting W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 46, at 323–24 (5th ed. 1984) (footnotes omitted)).

A civil conspiracy can be implied by a course of conduct and other circumstantial evidence. *See Schneider v. Midtown Motor Co.*, 854 P.2d 1322, 1327 (Colo. App. 1992). Moreover, although an agreement must be shown to exist between the actors, evidence of an express agreement is not necessary. *Resolution Trust*, 898 P.2d at 1056-57 (citing *U.S. v. Fox*, 902 F.2d 1508, 1515 (10th Cir. 1990) ("[B]y their very nature conspiracies are often provable only by circumstantial evidence")).

White argues that Santomaso participated in a conspiracy with Nessler to use illegal drugs both before and after their trip, and that the use of these drugs resulted in the Incident which caused injuries to White. (ECF No. 103.) After reviewing White's

arguments and evidence, the Court finds that Santomaso has met his initial burden of showing an absence of evidence to support White's civil conspiracy claim. *See Celotex*, 477 U.S. at 325.

White asserts that Santomaso and Nessler's use and intention to use illegal drugs is an agreement on a course of action and an unlawful overt act which supports her claim. (ECF No. 103 at 10-15.) Evidence indeed shows that Nessler was under the influence of marijuana and Alprazolam at levels which would have impaired his ability to properly and safely operate his motor vehicle at the time of the Incident. (Affidavit of Sarah Urfer, ¶ 6.) However, there is only evidence before the Court that Nessler used Alprazolam on May 30, 2008; there is no evidence, competent or otherwise, that Santomaso used Alprazolam on either May 30 or 31, 2008. (Dep. of G. Nessler, 31:22-25, 32:1-25, 78:4-5.) Further, both Nessler and Santomoso state that they tried to light a marijuana cigarette during their trip to the Poudre Canyon on the day of the Incident, but failed. (*Id*., 11:2-8, 124:5-16; 2010 Dep. of T. Santomaso, 66:8-24, 67:18-25; 2009 Dep. of T. Santomaso, 22:3-9.) White speculates that both men actually did use marijuana before or during their trip. (ECF No. 103 at 14-15.) Indeed, Nessler's blood samples, taken after the Incident, were presumptively positive for cannabinoids (marijuana). (Affidavit of Sarah Urfer, ¶ 5.c.) However, there is not sufficient circumstantial evidence to support White's speculation that Santomaso participated in or used marijuana with Nessler immediately before or during their car trip.[3]

---

[3] "Because Santomaso was a passenger, the testing done on his blood when drawn on May 31, 2008 did not include testing for drugs, and therefore, it cannot be proven by direct evidence whether or not Santomaso also participated in the illegal consumption of marijuana during the trip." (ECF No. 103 at 15.)

White has also put forth evidence that Nessler and Santomaso used cocaine the night before the Incident, and that, as a result, Nessler did not get enough sleep. (Dep. of G. Nessler, 71:23-25, 75:9-11, 77:6-11, 97:6-8, 120:19-25, 121:1-9.) But White does not argue that Nessler was under the influence of cocaine at levels which would have impaired his ability to drive at the time of the Incident. Rather, White contends that both Santomaso and Nessler's illegal use of cocaine caused Nessler to not get enough sleep on May 30, 2008, which, in turn, led to Incident. (ECF No. 103 at 14-19.) Such a theory is akin to alleging negligence, and Santomaso cannot be held liable under such a theory as he was only a passenger in Nessler's vehicle.[4] *See Watson v. Regional Trans. District*, 762 P.2d 133, 138 (Colo. 1988) ("[T]here is no longer any basis for assuming that the passenger, no matter what his relationship to the driver may be, has the capacity to assert control over or direct the operation of a moving automobile.") (internal citations omitted); *Sielsky v. Johnson*, 506 P.2d 381, 383 (Colo. App. 1973) (passenger's mere presence in vehicle which overturned in an alleged attempt to avoid defendant's automobile did not establish contributory negligence between passenger and defendant in absence of showing joint control).

In short, the Court agrees with Santomaso that an alleged plan to smoke marijuana and then drive is not sufficient to meet the element of "[the commission of] one or more unlawful overt acts" necessary to establish a civil conspiracy claim. *See Jet Courier Service*, 771 P.2d at 502. Without evidence of actual participation in a wrongful act that directly led to the Incident, no reasonable juror could find that

---

[4] Indeed, White brought an action in this District against only Nessler for claims relating to negligence. *See White v. Nessler*, 08:cv-1398-RPM-MEH, ECF No. 1.

Santomaso engaged in a conspiracy that ultimately brought about White's injuries and damages. *See Resolution Trust*, 898 P.2d at 1049, 1057. Accordingly, Santomaso is entitled to summary judgment on White's civil conspiracy claim.[5]

**B.  Nessler's Motion for Summary Judgment**

Also before the Court is Nessler's Motion for Summary Judgment asking the Court to grant summary judgment in his favor on Santomaso's contribution claim. (ECF No. 88.) Santomaso's contribution claim is essentially derivative of White's civil conspiracy claim. Because the Court finds that Santamaso is entitled to judgment as a matter of law on White's civil conspiracy claim, Nessler's Motion is denied as moot.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant/Third-Party Plaintiff Santomaso's Motion for Summary Judgment (ECF No. 91) is GRANTED;

2. Third-Party Defendant Nessler's Motion for Summary Judgment (ECF No. 88) is DENIED AS MOOT;

3. The Clerk of the Court is DIRECTED to enter judgment in favor of Defendant Santomaso on Plaintiff White's civil conspiracy claim;

4. Santomaso's claim for contribution brought against Third-Party Defendant Nessler is DISMISSED WITHOUT PREJUDICE; and

5. Each party shall bear their own costs.

---

[5] Because the Court holds that White's claim fails as a matter of law, the Court does not reach Santomaso's arguments that White's claim fails as a matter of public policy and as a matter of equity.

Dated this 18th day of September, 2012.

BY THE COURT:

William J. Martínez
United States District Judge