**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-01224-WJM-KLM

AMY V. WHITE,

    Plaintiff,

v.

TYLER SANTOMASO,

    Defendant/Third-Party Plaintiff,

v.

GREGORY P. NESSLER,

    Third-Party Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

This matter is before the Court on Plaintiff's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) (the "Motion"). (ECF No. 109.) Plaintiff Amy White's ("Plaintiff" or "White") Motion seeks to alter or amend the Court's September 18, 2012 Order (ECF No. 107 ) (the "Order") granting Defendant/Third-Party Plaintiff Tyler Santomaso's ("Santomaso") Motion for Summary Judgment, and denying Third-Party Defendant Gregory P. Nessler's ("Nessler") Motion for Summary Judgment as Moot. (*Id.*) For the following reasons, Plaintiff's Motion is denied.

On May 26, 2012, Plaintiff filed her Complaint alleging one claim for civil conspiracy against Santomaso for conspiring with Nessler to consume intoxicating, inebriating, and/or impairing substances while traveling together in Nessler's vehicle

and, as a result, caused injuries and damages to Plaintiff.  (ECF No. 1.)  On February 16, 2012, Santomaso filed a Motion for Summary Judgment seeking judgment as a matter of law on Plaintiff's claim.  (ECF No. 91.)  On September 18, 2012, the Court issued its Order granting Santomaso's Motion for Summary Judgment.[1]  (ECF No. 107.)  A Final Judgment based upon the Court's Order was entered on September 20, 2012.  (ECF No. 108.)

On October 10, 2012, Plaintiff filed her Motion to Alter or Amend Judgment in order to "correct clear error and prevent manifest injustice as a result of a misapprehension of a seminal fact."  (ECF No. 109 at 2.)  Specifically, Plaintiff argues that the Court mistakenly found that there was insufficient evidence "to support the claim that Santomaso consumed marijuana immediately before or during [Santomaso and Nessler's] trip."  (*Id*. at 2-4.)  On October 24, 2012, Nessler and Santomaso filed separate Responses in Opposition to Plaintiff's Motion.  (ECF Nos. 111; 112.)  On October 30, 2012, Plaintiff filed her Reply in Support of her Motion.  (ECF No. 113.)

Grounds warranting a motion to alter or amend judgment [under Rule 59(e)] include: (1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice.  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  "A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  *Id*.  Motions to alter or amend judgment pursuant to Rule 59(e), however, "are regarded with disfavor" and are "not appropriate to revisit

---

[1] The Order also denied Nessler's Motion for Summary Judgment as moot.  (*Id*.)

-2-

issues already addressed or advance arguments that could have been raised in prior briefing." *Kerber v. Qwest Group Life Ins. Plan*, 727 F. Supp. 2d 1076, 1076 (D. Colo. 2010).

As stated above, Plaintiff argues that the Court erred in granting summary judgment to Defendant because Plaintiff submitted sufficient evidence to support her claim that Santomaso consumed marijuana immediately before or during the car trip in question.[2] (ECF No. 109.) The Court has carefully analyzed the Motion to Alter or Amend Judgment, the Court's Order granting summary judgment, and the briefing on the underlying Motion for Summary Judgment. Based on that analysis, the Court concludes that its Order granting summary judgment to Santomaso was not clearly erroneous.

In granting Santomaso's Motion for Summary Judgement, the Court held that "[w]ithout evidence of actual participation in a wrongful act that directly led to the [two-car crash], no reasonable juror could find that Santomaso engaged in a conspiracy that ultimately brought about [Plaintiff's] injuries and damages." (ECF No. 107 at 9-10.) In her Motion, Plaintiff points to two pieces of evidence to support her claim that Santomaso consumed marijuana with Nessler before their car trip on May 31, 2008.

First, Plaintiff points to Santomaso's deposition testimony. Plaintiff argues that Santomaso testified that "it is true that 'Mr. Nessler and he had partially smoked a joint of marijuana on the river.'" (Plaintiff's Motion at 3-4, citing Dep. of Tyler Santomaso,

---

[2]  Plaintiff does not argue that there has been an intervening change in the controlling law or that new evidence not previously available exists, nor has the Court independently identified any such new development in the law or facts.

83:5-12, attached as Exhibit 1 to Plaintiff's Motion.) However, Santomaso did not testify that "it is true that he smoked marijuana with Mr. Nessler . . ." (*Id.*) Rather, the actual testimony, which refers to a report from a Colorado State Highway Patrol Officer (the "Report"), reads as follows:

> Q: [I]n the officer's report, it says – and just tell me if this is right or wrong. That's all I want to know. It says, "Mr. Santomaso stated that Mr. Nessler and he had partially smoked a joint of marijuana on the river." Is that true?
> A: Yes.

(*Id.*) This testimony can be read as either stating that: (1) it was true that Santomaso smoked marijuana with Nessler on the river; or (2) it was true that the officer's report "stated" that Santomaso smoked marijuana with Nessler on the river. (*Id.*) Plaintiff asserts that "[i]f [Santomaso] misunderstood the question, he should have asked for clarification." (ECF No. 113 at 2 n.2.) But the question posed to Samtomaso by Plaintiff's counsel was ambiguous. Regardless, Plaintiff's argument is unavailing.

Second, Plaintiff points to the Report itself where a Colorado State Highway Patrol Officer wrote down that Santomaso told the Officer that he and Nessler partially smoked a joint on May 31, 2008. (Colorado State Patrol Witness Statement, May 31, 2008, attached as Exhibit 2 to Plaintiff's Motion.) Plaintiff is indeed correct that the Report is evidence that Santomaso smoked marijuana with Nessler on the morning of May 31, 2008. However, the Report is evidence that the Court already considered when it held that "there is not sufficient circumstantial evidence to support [Plaintiff's] speculation that Santomaso participated in or used marijuana with Nessler immediately before their car trip," and it is not "evidence of actual participation in a wrongful act that directly led to the Incident." (ECF No. 107 at 8.) Therefore, Plaintiff's Motion fails.

-4-

But even assuming that it was undisputed that Santomaso and Nessler smoked marijuana together on the morning of May 31, 2008, Samtomaso would still be entitled to judgment as a matter of law on Plaintiff's civil conspiracy claim. As the Order previously noted, a party seeking to establish a civil conspiracy claim under Colorado law must show that there exists: (1) two or more persons; (2) an object to be accomplished; (3) an agreement on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof. *See Jet Courier Service, Inc. v. Mulei*, 771 P.2d 486, 502 (Colo. 1989). The purpose of the conspiracy must either be unlawful, or lawful and accomplished by unlawful means. *Powell Products, Inc. v. Marks*, 948 F. Supp. 1469, 1480 (D. Colo. 1996). "[T]he essence of a civil conspiracy claim is not the conspiracy itself, but the actual damages resulting from the acts done in furtherance of the conspiracy." *Resolution Trust Corp. v. Heiserman*, 898 P.2d 1049, 1055 (Colo. 1995); *accord Farmland Indus. v. Frazier-Parrott Commodities, Inc.*, 871 F.2d 1402, 1409 (8th Cir. 1989) ("[T]he 'doctrine of civil conspiracy extends liability for tort . . . to persons other than the actual wrongdoer . . . but it is the acts causing damage to the plaintiff that give rise to liability for damages, not the conspiracy itself.'") (internal quotation omitted). Thus, "it is [the] wrongful acts, not the mere existence or continuation of a conspiracy, that injure the plaintiff." *Sterenbuch v. Goss*, 266 P.3d 428, 435 (Colo. App. 2011).

Here, Plaintiff was not injured by Santomaso's alleged drug use; rather, Plaintiff was injured by Nessler's negligence resulting from his own alleged drug use. (July 26, 2011 Scheduling Order at 3 (ECF No. 80) ("Santomaso's and Nessler's actions in

conspiracy resulted in Nessler driving negligently and ultimately resulted in injury to White.").)  Moreover, while Plaintiff denies that Nessler's negligent driving is the underlying overt act which forms the basis of her conspiracy claim against Santomaso, Plaintiff brought an independent claim against Nessler for negligence and negligence *per se* resulting in damages and injury to Plaintiff.  See, 1:08-cv-01398-RPM-MEH, ECF No. 1.  In short, Santomaso's alleged drug use was not an unlawful act that proximately caused Plaintiff's injury.  See, e.g., *Lego v. Schmidt*, 805 P.2d 1119, 1123 (Colo. App. 1990) (finding "it inappropriate to impose on a passenger a duty that would effectively make him an insurer of third persons against the negligence of the driver."); *Resolution Trust*, 898 P.2d at 1057 ("since there is ordinarily no duty to take affirmative steps to interfere, mere presence at the commission of the wrong, or failure to object to it, is not enough to charge one with responsibility. It is, furthermore, essential that each particular defendant who is to be charged with responsibility shall be proceeding tortiously, which is to say with the intent requisite to committing a tort, or with negligence."); *Watson v. Regional Transportation District*, 762 P.2d 133, 138 (Colo. 1988) ("[T]here is no longer any basis for assuming that the passenger, no matter what his relationship to the driver may be, has the capacity to assert control over or direct the operation of a moving automobile.") (internal citation omitted); *Wark v. McClellan*, 68 P.3d 574, 580-581 (Colo. App. 2003) (discussing that parents who were passengers in vehicle operated by driver who was possibly intoxicated were not obligated to protect their children by interfering with the driver).  Therefore, as stated in the Order, Plaintiff's claim for civil conspiracy fails as a matter of law.

In accordance with the foregoing, it is therefore ORDERED that Plaintiffs' Motion to Alter or Amend Judgment (ECF No. 109) is DENIED.

Dated this 13th day of November, 2012.

BY THE COURT:

William J. Martínez
United States District Judge